## JAMES B. WARDEN *v.* JOSEPH G. BROWNING.

*Fraudulent conveyance — right of judgment creditors.*

November 1, 1868, one Browning conveyed certain real estate to his wife, and thereafter certain judgments were recovered and docketed against him, upon which no executions were ever issued; subsequently, one O'Brien, the owner of a judgment against him, the time of the recovery of which did not appear, brought an action to set aside the conveyance as fraudulent, and procured a judgment therein, adjudging that the conveyance was made with the intent of hindering and delaying the plaintiff and others, the creditors of Browning, and was void as to them. It was further provided that any such judgment creditor upon whose judgment an execution had been returned unsatisfied, might apply to be made a party plaintiff in the action, and that the wife execute a deed of the land to one Hogan, who was appointed a receiver to sell the same, which deed was duly executed. Thereafter the real estate was sold, under the foreclosure of a prior mortgage. Upon an application for the surplus moneys arising under the said sale, it was claimed by the judgment creditors, other than O'Brien, none of whom had applied to come in under his decree, that, as the deed to Browning's wife had been declared void as to the latter's creditors, the receiver, taking title through the wife, took it subject to such judgments, and that they should be first paid out of the surplus. *Held,* that such judgments could not be enforced against the real estate until the debtors' personal estate had been first exhausted ; that the fact that the deed was void as to one judgment did not show that it was void as to all; that the receiver was entitled to priority over the other judgment creditors.

*Quære,* as to whether such judgment creditors would have any remedy in this action by application under the decree, after execution issued and returned unsatisfied on their respective judgments.

Appeal from an order made at Special Term, sustaining exceptions taken by the respondent to the report of A. Ozaki, referee appointed to determine claims to surplus moneys arising on a sale of mortgaged premises, under the judgment in this action.

The contest before the referee was between certain judgment creditors of defendant Joseph G. Browning (who are appellants here) and one Edward Hogan (the present respondent), who is not a party to the action, but filed a notice of claim to the surplus, as receiver, appointed in an action brought by one O'Brien, who was also a judgment creditor of said Browning, to set aside certain conveyances made by the latter as fraudulent and void as to creditors.

The referee reported that the judgments recovered by the appellants were first entitled to be paid out of the surplus moneys, and after they were satisfied the residue should be paid to Hogan.

The latter filed exceptions to the report, which were sustained at Special Term, and the motion to confirm the report was denied, and the whole surplus moneys directed to be paid to Hogan.

*J. H. V. Arnold* and *S. D. Sewards*, for the judgment creditors, appellants.

*John J. Townsend*, for Edward Hogan, respondent.

BRADY, J.:

This is an appeal taken from an order made at Special Term, by Mr. Justice VAN BRUNT, sustaining exceptions taken by the respondent to the report of A. Ozaki, referee, appointed to determine claims to surplus moneys arising on a sale of mortgaged premises, under the judgment in this action. The contest before the referee was between certain judgment creditors of defendant, Joseph G. Browning (who are the appellants here), and one Edward Hogan (the present respondent), who is not a party to the action, but filed a notice of claim to the surplus, as receiver, appointed in an action brought by one O'Brien, who was also a judgment creditor of said Browning, to set aside certain conveyances made by the latter as fraudulent and void as to creditors. The referee reported that the judgments recovered by the appellants were first entitled to be paid out of the surplus moneys, and after they were satisfied, the residue should be paid to Hogan. The latter filed exceptions to the report, which were sustained by the justice at Special Term, who denied the motion to confirm the report, and directed the whole surplus moneys to be paid to Hogan. It appeared from the evidence taken before the referee that Joseph G. Browning was at one time the owner of the fee of the mortgaged premises; that by deed dated November 1, 1868, and recorded in January, 1869, he conveyed the same to Sarah E. Browning; that thereafter the appellants severally recovered and docketed judgments against said Joseph G. Browning, in the order reported by the referee; that one John J. O'Brien, as owner of some judgment against Joseph G. Browning, brought an

action to set aside the said conveyance to Sarah E. Browning, as made with intent to hinder, delay and defraud the plaintiff and others, creditors of said Joseph G. Browning, and on March 28, 1877, obtained a judgment to that effect, which judgment contained a provision that Sarah E. Browning should appear before a referee named, and should convey the said premises by deed to Edward Hogan, who was appointed a receiver, to sell the lands in the usual form, and that such a deed was executed. It did not appear that Joseph G. Browning had ever executed any deed of the property to the receiver. The respondents' claim of title was first the deed from Joseph G. Browning to said Sarah E. Browning, next the judgment in the O'Brien suit, and lastly, the deed of Sarah E. Browning to the receiver.

The appellants claimed, that as the deed from Joseph G. Browning to Sarah E. Browning had been declared void as to the former's creditors, by a judgment which was a necessary part of the receiver's title, he took the title subject to the judgments recovered against Joseph G. Browning, between the date of the said deed and the conveyance to the receiver, and the premises having been sold under a prior mortgage lien, and a surplus created, said judgment creditors were entitled to be paid before the receiver. No proof was given as to the date or recovery of any judgment by O'Brien. The referee sustained and the Special Term refused to sustain the appellants' position.

None of the appellants were execution creditors and none of them joined in the action brought by O'Brien. They were not obliged to unite in the equity proceedings to declare the conveyance by Browning void as against his creditors. They had the right to proceed by execution to sell, and to assail the deed if interposed against the title acquired by sale under the execution. (*Chautauque Co. Bank* v. *Risley*, 19 N. Y., 374.) They did, as suggested, neither of these things, but rested upon a mere docket of the judgment. A judgment is a lien upon the debtor's real estate, but it cannot be enforced against such an estate unless the personal estate is insufficient for the purpose (Code, 289; 2 Rev. Stat., 367, § 24; *Neilson* v. *Neilson*, 5 Barb., 565), and a deed void against one or more judgment creditors is not necessarily void as to all, as suggested by Justice VAN BRUNT, because one or more

creditors may assent to such conveyance, or sanction it by collusion or waiver in some form.   In the case of *Chautauque Co. Bank* v. *Risley (supra)*, the parties litigant were execution creditors or claimants under a judgment or sale on execution issued, which is not, as already stated, the case here.   The appellants have passive, not active liens, because they have not adopted any steps to make their liens effective, either by execution or action.   The decree recognizes this doctrine because it provides that any judgment creditor of Browning, upon whose judgments an execution has been duly issued and returned unsatisfied, may apply for leave to become a party to this action upon contributing to the expense.   For these reasons the order made at Special Term was correctly made and should be affirmed.   Whether the appellants would have any remedy in this action by application under the decree after execution issued and returned unsatisfied, it is not necessary to state.

Such an application must be disposed of if made at the Special Term.  .Order appealed from affirmed, with ten dollars costs and the disbursements of this appeal.

Davis, P. J., and Brady, J., concurred.

Order affirmed, with ten dollars costs and disbursements.